UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| JEROME HADLEY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Nos. 1:02-CR-147-TRM-SKL-1 |
| | ) 1:16-CV-292-TRM |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

Before the Court now is Petitioner's expedited motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [Doc. 83.] Petitioner bases his request on the United States Supreme Court case *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Court held that the residual clause of the Armed Career Criminal Act (ACCA) was unconstitutionally vague. [*Id.*] Respondent agrees Petitioner is entitled to relief. [Doc. 86.] For the reasons stated below, the motion [Doc. 83] will be **GRANTED.**

### I. BACKGROUND

In 2002, a jury convicted Petitioner of possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1). *United States v. Hadley*, 431 F.3d 484, 486 (6th Cir. 2005). Based on his prior Tennessee convictions for larceny, grand larceny, armed robbery, and robbery, Petitioner was deemed an armed career criminal under 18 U.S.C. § 924(e)—the Armed Career Criminal Act ("ACCA")—and was sentenced to 262 months' imprisonment [Presentence Investigation Report ("PSR") ¶¶ 18, 23, 24, 27, 28]. On appeal, the Sixth Circuit Court of Appeals affirmed Petitioner's conviction, but vacated his sentence and remanded for resentencing in light of *United States v. Booker*, 543 U.S. 220 (2005). *Hadley*, 431 F.3d at 515. On remand, this Court

re-imposed the same term of 262 months' imprisonment [Doc. 60], and the Sixth Circuit affirmed that sentence on appeal [Doc. 65].

In 2010, Petitioner filed a timely § 2255 motion, which the Court denied as meritless [Docs. 69, 76]. More recently, Petitioner sought and obtained authorization from the Sixth Circuit to litigate a second or successive § 2255 motion in light of *Johnson*, and Petitioner has now filed such a motion with this Court [Docs. 83, 84]. In that motion, Petitioner cites *Johnson* as proof that he was improperly categorized as an armed career criminal. [*Id.*] In its response on July 2, 2016, Respondent agreed with Petitioner that in light of *Johnson*, Petitioner is no longer subject to the enhanced penalties of the ACCA and urged the Court to grant immediate release and amend the judgment to reflect an appropriate term of supervised release. [Doc. 86.]

## II. TIMELINESS OF PETITION

Section 2255(f) provides that the one-year statute of limitations applicable to collateral challenges runs from the latest of: (1) "the date on which the judgment of conviction becomes final;" (2) "the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;" (3) "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme court and made retroactively applicable to cases on collateral review;" or (4) "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f). The petition's reliance on *Johnson v. United States*, triggers the renewed one-year limitations period under subsection (f)(3). *See Welch v. United States*, No. 15-6418, 2016 U.S. LEXIS 2451, at *16 (U.S. Apr. 18, 2016) ("*Johnson* is . . . a substantive decision and so has retroactive effect . . . in cases on collateral

2

Case 1:02-cr-00147-TRM-SKL   Document 87   Filed 07/07/16   Page 2 of 7   PageID #: 468

review."); *In re Windy Watkins*, 810 F.3d 375, 380–81 (6th Cir. 2015) (finding *Johnson* constitutes a new substantive rule of constitutional law made retroactively applicable on collateral review and thus triggers § 2255(h)(2)'s requirement for certification of a second or successive petition). The renewed period began to run on June 26, 2015, and, as a result, Petitioner's motion falls safely within the window for requesting collateral relief [Doc. 83].

## III. STANDARD OF REVIEW

The relief authorized by 28 U.S.C. § 2255 "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

## IV. ANALYSIS

A felon who possesses a firearm normally faces a maximum penalty of 10 years' imprisonment, 18 U.S.C. § 924(a)(2), and 3 years' supervised release, 18 U.S.C. § 3583(b)(2). However, if the felon possesses the firearm after having sustained three prior convictions "for a violent felony or serious drug offense, or both," the ACCA requires a 15-year minimum sentence, 18 U.S.C. § 924(e)(1), and increases the maximum supervised release term to 5 years, 18 U.S.C. § 3583(b)(1). The ACCA defines a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use,

3

or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, [] extortion, [or] involves use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B).

In *Johnson*, the Supreme Court held "that imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process." 135 S. Ct. at 2563. *Johnson* did not automatically invalidate all ACCA sentences, however, emphasizing that its holding "d[id] not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." *Id.*; *see also United States v. Kemmerling*, 612 F. App'x 373, 375 (6th Cir. 2015) (explicitly finding that *Johnson* did not affect the ACCAs use-of-physical-force clause). Thus, under *Johnson*, an ACCA sentence only raises due process concerns—and is thus invalid—if it was necessarily based on predicate violent felonies that only qualified as such under the ACCA's residual clause. *Compare United States v. Ozier*, 796 F.3d 597, 603 (6th Cir. 2015) (finding the district court did not err by categorizing defendant as an armed career criminal where all three predicate offenses qualified under the enumerated-offense and use-of-physical-force clauses of the ACCA), *with United States v. Bell*, 612 F. App'x 378, 379–380 (6th Cir. 2015) (finding *Johnson* precluded defendant from being sentenced as an armed career criminal because one of her three predicate offenses, aggravated assault, failed to qualify under the enumerated-offense and use-of-physical force clauses).

Two of Petitioner's four predicate offenses were for larceny and grand larceny, both Tennessee convictions [PSR ¶¶ 23, 24]. *See* Tenn. Code Ann. § 39-4206(2) (1980) (defining larceny as theft "from the person" where the stolen property goes "into the possession of the thief"); Tenn. Code Ann. § 19-3-1102 (1982) (defining grand larceny as "the felonious taking

4

and carrying away [of] personal goods over the value of two hundred dollars"). Neither offense qualifies as a violent felony under the ACCA's use-of-force clause because neither offense has as an element the use, attempted use, or threatened use of violent force against another. S*ee United States v. Barnett*, 540 F. App'x 532, 536–37 (6th Cir. 2013) (citing *Descamps* and explaining a statute only meets the first subcategory of violent felony under the ACCA where violation categorically requires the use or attempted use of violent physical force); *see also Prigmore v. State*, 565 S.W.2d 897, 899 (Tenn. Crim. App. 1977) (noting that taking something from a person "without her knowledge and without force" fits "clearly within the statutory definition of larceny from a person"). Similarly, neither conviction falls within one of § 924(e)'s enumerated categories of violent felony. *See, e.g.*, *United States v. Seaton*, 45 F.3d 108, 112–13 (6th Cir. 1995) (noting that Tennessee grand larceny "encompasses those defendants who simply grab store property and run," and concluding that the separate crime of grand larceny while in possession of a firearm constitutes a violent felony under the ACCA residual clause); *United States v. Franklin*, 91 F.3d 144 (6th Cir. 1994) (concluding the Tennessee larceny from the person constitutes a crime of violence under the residual clause).[1] As such, *Johnson* prohibits use of the convictions to categorize Petitioner as an armed career criminal.

Without ACCA enhancement, the maximum punishment to which Petitioner can lawfully be subjected is 120 months' incarceration, followed by three years of supervised release. *See* 18 U.S.C. § 924(a)(1)(D)(2) ("Whoever knowingly violates subsection . . . (g) . . . of section 922 shall be . . . imprisoned not more than 10 years."). As a result, Petitioner's current 262 month

---

[1] The *Franklin* case examined the 1988 version of Tennessee's larceny statute, Tenn. Code Ann. § 39-2-1106, not the 1980 version of the statute under which Petitioner was convicted, Tenn. Code Ann. § 39-4206. However, while the statute was renumbered in 1982, the substance remained unchanged and text of the two statutes identical.

5

term of imprisonment and five years' supervised release for the gun offense [Doc. 60] exceed his maximum authorized sentence as a non-ACCA offender under § 922(g)(1) by 142 months' incarceration and two years' supervised release. *See* 18 U.S.C. § 924(a)(1)(D)(2) ("Whoever knowingly violates subsection . . . (g) . . . of section 922 shall be . . . imprisoned not more than [ten] years."). The fact that Petitioner has already spent 166 months in prison conclusively demonstrates that he is entitled to collateral relief in light of *Johnson*. [Doc. 86, at 4.]

Where a § 2255 claim has merit, district courts have the discretion to choose between discharging the petitioner, resentencing the petitioner, correcting the petitioner's sentence, or granting the petitioner a new trial. 28 U.S.C. § 2255(b). For purpose of the current case, the Court finds correction of Petitioner's sentence to be the most appropriate form of relief. *United States v. Torres-Otero*, 232 F.3d 24, 30 (1st Cir. 2000) ("[I]n cases were the sentence (but not the conviction) is infirm, only the 'resentenc[ing]' or 'correct[ing] the sentence' options are open to the district court, since a prisoner should never be 'discharge[d]' or 'grant[ed] a new trial' based solely on a defective sentence.").

## V. CONCLUSION

For the reasons outlined above, Petitioner's motion [Doc. 83] will be **GRANTED** and his term of imprisonment will be reduced to a "time served" sentence. The order will take effect 10 days from its entry so as to give the Bureau of Prisons time to process Petitioner's release. Further, the Judgment dated April 5, 2007 [Doc. 60] will be **AMENDED** to reflect a term of supervised release of three years. The Clerk's Office will be **DIRECTED** to prepare an amended judgment in accordance with the foregoing correction.

**ORDER ACCORDINGLY.**

/s/ *Travis R. McDonough*

**TRAVIS R. MCDONOUGH
UNITED STATES DISTRICT JUDGE**